IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| GREGORY TAYLOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HE PROCTER & GAMBLE COMPANY,<br><br>Defendant. | Case No. 3:22-cv-01949 (DWD) |

**JOINT MOTION TO STAY DISCOVERY**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Gregory Taylor ("Plaintiff") together with Defendant The Procter & Gamble Company ("Defendant" and collectively with Plaintiff, the "Parties") jointly move this Court to issue an order staying discovery pending the Court's decision on P&G's pending motion to dismiss (Dkt. No. 7). In support of this Motion, the Parties state as follows:

1. Plaintiff filed his complaint against Defendant in this action on August 19, 2022 (Dkt. No. 1), alleging, generally, that Defendant's marketing of a shave cream under the brand name "PURE by Gillette®" is misleading because it contains ingredients that are "processed," or "altered from their original or natural state." (Compl., Dkt. No. 1 ¶¶ 8, 9.) Plaintiff argues that the presence of these ingredients renders the brand name actionably misleading, and he asserts claims for consumer fraud, breach of warranty, negligent misrepresentation, fraud, and unjust enrichment. (*Id.* ¶¶ 77-108.)

2. Plaintiff seeks to bring these claims on behalf of both an Illinois and a multi-state class of consumers who purchased the "PURE by Gillette®" product within applicable limitations periods for each cause of action alleged. (*Id.* ¶ 69.)

3. On December 27, 2022, Defendant filed a motion to dismiss the compliant in its entirety pursuant to Rule 12(b)(6). (Dkt. No. 7). Defendant argued that all of Plaintiff's claims fail as a matter of law because (1) Plaintiff has not plausibly alleged that a reasonable consumer would be misled by the "PURE by Gillette®" brand name when reviewed in the context of the entire label, or by any other aspect of the product's label; and (2) Plaintiff's warranty, negligent misrepresentation, and common-law fraud claims fail for the same and other reasons. (Dkt. No. 8 at 7-18). Defendant's motion also argued that Plaintiff lacks Article III standing to seek injunctive relief. (*Id.* at 19).

4. Plaintiff filed his opposition to Defendant's motion to dismiss on January 27, 2023 (Dkt. No. 14), and Defendant filed its reply on February 3, 2023 (Dkt. No. 15).

5. Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, the Parties held an initial conference on February 2, 2023. At the conference, the Parties agreed that it would be appropriate, and serve judicial efficiency, to stay discovery pending the outcome of Defendant's motion to dismiss.

6. The Court has broad discretion to stay proceedings through its power to control its own docket. *See Johns v. Paycor, Inc.*, No. 20-cv-00264-DWD, 2021 WL 2627974, at *1 (S.D. Ill. May 11, 2021) ("District Courts have the power to control their own dockets, including the discretion to stay proceedings."). A stay is appropriate where, as here, "the motion to dismiss can resolve the case, where ongoing discovery is unlikely to produce facts necessary to defeat the motion, or where the motion raises a potentially dispositive threshold issue, such as a challenge to

plaintiffs standing." *Burns v. Gen. Mills Sales, Inc.*, No. 3:21-cv-1099-DWD (S.D. Ill.) (Dkt. No. 19) (staying discovery in a similar case), *quoting First Natl Bank v. Cities Serv. Co.*, 391 U.S. 253 (1968).

7.  The Parties therefore jointly propose a stay of all discovery pending the outcome of Defendant's motion to dismiss. Doing so will avoid time and expense of conducting discovery that may be unnecessary if the Parties are able to reach an agreement. A stay will also preserve the Court's resources and promote judicial economy. *See Johns*, 2021 WL 2627974 at *1 (explaining that courts, when deciding a motion to stay, should consider "whether a stay will reduce the burden of litigation on the parties and on the court.").

WHEREFORE, the Parties respectfully request that the Court enter an Order granting a stay of discovery pending the outcome of Defendant's motion to dismiss.

Dated: February 20, 2023

Respectfully submitted,

By: /s/ Jeffrey S. Jacobson
Jeffrey S. Jacobson
Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas – 41st Fl.
New York, NY  10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Attorney for Defendant
The Procter & Gamble Company

US.355750090.01

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Jeffrey S. Jacobson
Faegre Drinker Biddle & Reath LLP
1177 Avenue of the Americas – 41st Fl.
New York, NY  10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

Attorney for Defendant
The Procter & Gamble Company

US.355750090.01